LAMAR, Executor, v. McCAY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Submitted October 31st, 1883.—Decided November 19th, 1883.

On the question of the fact as to whether the proceeds of certain cotton had
been recovered and received from the United States as part of the proceeds
of cotton recovered for in the court of claims, this court reversed the de-
cree of the circuit court.

The case was submitted on the briefs.

*Mr. Edward N. Dickerson* for the appellant:

*Mr. J. K. Herbert*, *Mr. Shellaburger* and *Mr. Wilson*, for
the appellee, and the *Appellee* for himself.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

The appellee, who was the plaintiff below, seeks to recover
from the executor of Gazaway B. Lamar a sum of money, on
the allegation that the testator received that money from the
United States, as the proceeds of 136 bales of upland cotton,
which belonged to the assignor of the plaintiff. Lamar recov-
ered in the court of claims, on the 1st of June, 1873, a judg-
ment against the United States for $579,343.51, as the proceeds
of 3,184 bales of upland cotton and 91 bales of Sea Island cot-
ton, which Lamar owned in Savannah, Georgia, in December,
1864, at the time that city was captured by the military forces
of the United States, and all of which bales were captured by
said forces and shipped to the agent of the Treasury Depart-
ment at New York, and there sold by him, and the proceeds
paid into the treasury of the United States. The amount of
the judgment was paid to Lamar in April, 1874. This bill was
filed in August, 1879. It alleges that the 136 bales were ship-
ped by the plaintiff's assignor to C. A. L. Lamar, now deceased
(the son of G. B. Lamar), who received and held them as the
property of such assignor ; that, after the death of C. A. L. La-
mar, G. B. Lamar came into possession of the 136 bales, and
retained such possession as the agent and fiduciary of such as-

signor, that the suit in the court of claims was brought for the recovery of the 136 bales, with other cotton; and that the proceeds of the 136 bales were included in said judgment, and were received by G. B. Lamar. The circuit court entered a decree in favor of the plaintiff for the agreed amount of the avails of the 136 bales, and the defendant has appealed to this court.

On the question as to whether the 136 bales were embraced in Lamar's recovery, the circuit court found that they were. We are not able to concur in this conclusion. The question is one altogether of fact. It has involved the examination of the pleadings and proofs and other proceedings in the suit in the court of claims, besides a consideration of the effect of the provisions in the will of G. B. Lamar, and of an advertisement he published, and of entries he made in his books, in regard to the 136 bales, after he had received the amount of the judgment. It would not conduce to any good end to review the propositions discussed by the respective counsel, consisting largely of arithmetical calculations, in elucidation of their respective contentions. It must suffice to say that the record and proceedings of the court of claims do not show that the 136 bales were embraced in the final petition of G. B. Lamar in that court, or in the 3,275 bales for which judgment was awarded. There is not in the proofs before the court of claims any testimony in regard to the 136 bales. It may very well be that they passed into the possession of G. B. Lamar, and were seized and sent to New York and sold, and that their proceeds are now in the treasury. But, the evidence before the court of claims was entirely sufficient to show that G. B. Lamar was entitled to recover the proceeds of the 3,275 bales for which he did recover, without including the 136. Every bale of the 3,275 is traced, in that evidence, into the hands of G. B. Lamar, and identified as cotton he had purchased and paid for, as a buyer of it. The 136 bales were no part of it.

The will was made in September, 1872, nearly eight months before the final petition was filed in the court of claims. That petition omitted to mention the 136 bales, they having been specially mentioned in the amended petition filed April

16th, 1872, which was the petition pending when the will was made. The final petition states that it is filed "in lieu of and as a substitute for all other petitions and amendments thereto heretofore filed in this cause."

The 136 bales, with other cotton, having been taken from the possession of G. B. Lamar and sold, he made, as he states in his will, "claims upon the government of the United States for payment for such cotton," which claims, the will says, "are now before the court of claims, and also before the committee on claims of the Congress of the United States." The will directs his executors to press the claims, and gives a list of the cotton, and specifies among it the 136 bales, "belonging to a gentleman in Richmond, Virginia," and as being cotton on which C. A. L. Lamar made advances. G. B. Lamar did, in his amended petition filed in the court of claims, April 16th, 1872, make a specific claim for the proceeds of that cotton. But he dropped that claim in his final petition, and had no recovery for it. He did not receive his money till more than ten months after he obtained judgment. The impression was on his mind that he had recovered for the 136 bales, and, under that erroneous belief, he advertised in a newspaper in Richmond for the rightful owner of the cotton to come forward and prove his ownership, and pay advances and expenses of collection, and receive the balance due. The advertisement stated that cotton was placed in the possession of C. A. L. Lamar, and stored in Lamar's warehouse; that advances were made on it, and there were charges for storage, compressing, and cartage; that the cotton was taken by the United States; and that he had received payment for it from the treasury. He also, in April, 1874, made entries in his books stating that he had received so much money from the United States for the 136 bales, "of which the owner is unknown and is advertised for in Richmond, Virginia."

The evidence derived from the advertisement and the entries in the books is of no force except to show Mr. Lamar's own belief at the time, and cannot avail to control the internal evidence afforded by the record from the court of claims, that the 136 bales were not included in the recovery in that court.

This conclusion makes it unnecessary to consider any of the other questions raised.

*The decree of the circuit court is reversed and the case is remanded to that court, with direction to dismiss the bill of complaint.*